UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GRADY BRINKLEY, | ) | CASE NO. 4:06cv110 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| MARC C. HOUK, WARDEN, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving Docs. 83, 86, 90] |
| | ) | |
| | ) | |

This matter is before the Court upon Respondent Marc C. Houk's ("Respondent") Motion for Discovery (Doc. 83), Petitioner Grady Brinkley's ("Brinkley") Cross Motion for Leave to Conduct Depositions (Doc. 90), and Respondent's Motion to Supplement the Record (Doc. 86). In addition to the briefs in support of these Motions, the Court has considered Brinkley's Opposition to the Respondent's Motion for Discovery (Doc. 90), as well as Respondent's Reply and Opposition to Brinkley's Cross Motion for Leave to Conduct Depositions (Doc. 95). For the following reasons, all Motions will be granted.

**I. Motion for Discovery and Cross Motion for Leave to Conduct Depositions**

As previously set forth in Brinkley's Motion for Discovery, a habeas petitioner, in contrast to a civil litigant in federal court, is not automatically entitled to discovery. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Under the All Writs Act, 28 U.S.C. § 1651, a federal court has the power to "fashion appropriate modes of procedure," including discovery, to dispose of habeas petitions "as law and justice require." *Bracy*, 520 U.S. at 904 (quoting *Harris v. Nelson*, 394 U.S. 286, 299-300 (1969)). Discovery in a federal habeas corpus case is usually governed

by Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts. The rule sets forth a two-pronged standard.

> A judge may, *for good cause*, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.

Rule 6(a), Rules Governing Section 2254 Cases in the United States District Courts (emphasis added).

Good cause exists where specific allegations before the court give the court reason to believe that, if the facts are fully developed, the petitioner may be able to demonstrate that he is entitled to relief. *Harris,* 394 U.S. at 300 (1969); *Lott v. Coyle*, 261 F.3d 594, 602 (6th Cir. 2001). A petitioner does not need to show that the additional discovery would definitely lead to relief. *Payne v. Bell*, 89 F. Supp.2d 967, 970 (W.D. Tenn. 2000)(citing *Calderon v. U.S. Dist. Court for the N. Dist. of Calif.,* 98 F.3d 1102, 1106 (9th Cir. 1996)). Instead, he must only show good cause to believe "that the evidence sought would lead to relevant evidence regarding his petition. *Id.* (citing *Calderon*, 98 F.3d at 1106). *See also Keenan v. Bagley*, 262 F. Supp.2d 826, 838 (N.D. Ohio 2003), *vacated on other grounds*, 400 F.3d 417 (6th Cir. 2005). Vague and conclusory allegations are not sufficient to allow discovery under Rule 6 and a petitioner may not embark on a fishing expedition in order to develop claims for which there is no factual basis. *Id.*

Respondent requests discovery to defend against Brinkley's claim that his counsel in the mitigation phase of his trial was ineffective by virtue of his failure to conduct a thorough investigation and to obtain and utilize expert services. Specifically, Respondent seeks all documents from Dr. Douglas Smith and Dr. Jolie Brams as well as any documents used,

collected, or prepared by J&G Investigations, Inc. ("J&G"), and Corporate Intelligence Consultants ("CIC") regarding Brinkley. Respondent also requests records from Dr. Robert L. Smith who submitted an affidavit in the post-conviction proceedings. Apx. Vol. 9, pgs. 133-34.

The Supreme Court, in *Rompilla v. Beard*, 545 U.S. 374 n. 7 (2005) and *Wiggins v. Smith*, 539 U.S. 510, 533 (2003), unequivocally declared that a thorough and complete mitigation investigation is absolutely necessary in capital cases. The Sixth Circuit then began to apply the new ABA Guidelines adopted in 2003, which provide that penalty phase preparation requires extensive investigation into personal and family history, or anything in the life of the defendant that might mitigate against the appropriateness of the death penalty. *Dickerson v. Bagley*, 453 F.3d 690, 694 (6th Cir. 2006) (citing *Hamblin v. Mitchell*, 354 F.3d 482, 485-88 (6th Cir. 2003)). Under these guidelines, such an investigation should begin with the moment of conception and should include medical history, family and social history, educational history and employment and training history. It is then necessary to locate and interview the defendant's family members and virtually anyone else who knew the defendant and his family, including neighbors, teachers, clergy, case workers, doctors, correctional, probation, or parole officers and others. Also records from courts, government agencies, the military and employers should be requested. ABA Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases ¶ 10.7 (2003), pgs. 80-83. A partial, incomplete mitigation investigation does not satisfy the requirements of *Strickland v. Washington*, 466 U.S. 668 (1984). *Dickerson*, 453 F.3d at 694. A strategic decision not to perform a complete investigation is inadequate when a full investigation would have revealed extensive mitigation evidence. *Id.* at 696.

Brinkley contends that the discovery requested by Respondent is protected by the attorney-client privilege or the work product doctrine. A petitioner waives the attorney-client

3

privilege when asserting ineffective assistance of counsel. *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005). An implied waiver occurs when an issue is raised that requires testimony from the petitioner's attorneys as to the reasonableness of the attorney's conduct. *Id. See Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001)(attorney-client privilege is waived when the petitioner asserts ineffective assistance of counsel). The privilege is waived to the extent necessary to resolve the ineffective assistance of counsel claim. *Mason v. Mitchell*, 293 F.Supp.2d 819, 823 (N.D. Ohio 2003). However, the waiver must be no broader than needed to ensure the fairness of the proceeding. *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003). A petitioner cannot assert the privilege if he is relying upon the privileged communication in support of his contention. *Lott,* 424 F.3d at 454. ("[T]he attorney-client privilege cannot at once be used as a shield and a sword.")(quoting *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2nd Cir. 1991)).

### A. Production of All Available Documents Prepared or Used by Dr. Douglas Smith, Dr. Jolie Brams and Dr. Robert L. Smith in Relation to Petitioner Brinkley

Respondent contends that, in order to properly defend against Brinkley's assertions that trial counsel were ineffective, he needs to review the documents of trial counsel and any experts used in the case. This Court has already granted discovery of trial counsel, so it is now allegedly imperative that there is discovery of experts. Brinkley does not object to discovery concerning Dr. Douglas Smith and Dr. Jolie Brams.

Dr. Robert L. Smith was hired by the Public Defender's Office for purposes of the post-conviction proceedings. He spent four hours with Brinkley and concluded that Brinkley suffered from substance abuse and a narcissistic personality. Brinkley asserts that waiver of the attorney-client privilege is precluded because Dr. Smith's involvement with Brinkley occurred years after

Brinkley's trial and at the initiation of post-conviction counsel, not trial counsel. Brinkley allegedly does not waive privileges as to every subsequent counsel who helped him present a claim concerning the claim of ineffectiveness of earlier counsel. Respondent contends that discovery of Dr. Smith's documents is necessary because they directly relate to Brinkley's claim that his counsel were ineffective for having no strategy at mitigation, for not using Dr. Smith at mitigation, and for not performing any other investigation to determine that further expert assistance was not warranted. The affidavit of Dr. Smith was cited many times in the Petition. Petition ¶ ¶ 115, 119, 121, 124.  Because Brinkley's post-conviction counsel relied on Dr. Robert Smith in raising his ineffective assistance of counsel claim, the Court finds that the attorney-client privilege and work-product doctrine have been waived.

Defense counsel are required to perform a thorough and complete mitigation investigation. Evidence from Dr. Smith may show that trial counsel did not thoroughly investigate Brinkley's medical history. In his affidavit, Dr. Smith stated that, at the time of the offense, Brinkley suffered from psychiatric conditions, childhood trauma, Narcissistic Personality Disorder and Alcohol and Cocaine Dependence. Apx. Vol. 9, pg. 139.  Dr. Jolie Brams and Dr. Douglas Smith indicated that Brinkley had no mental defects. A complete comparison of the records is necessary to determine Brinkley's ineffective assistance of counsel claim. Counsel's investigation may not have been adequate. Therefore, Respondent is entitled to review Dr. Robert Smith's documents.

### B.  Production of Documents from the Ohio Public Defender

The Ohio Public Defender represented Brinkley during post-conviction proceedings. Respondent allegedly needs all documents concerning Brinkley's mental health, his history, and/or mitigation. Specifically, Respondent requests the Public Defender's file on Brinkley,

5

including, but not limited to, the files of Dr. Douglas Smith, Dr. Jolie Brams, Dr. Robert L. Smith, CIC, and J&G. Brinkley objects to production of documents from the Public Defender in its capacity as counsel of record for Brinkley in state post-conviction proceedings and subsequent proceedings. For the same reasons discussed above, the Respondent's request for production from the Ohio Public Defender is granted.

### C. Production of All Documents Collected, Prepared By, and/or Used by J&G and CIC

The record shows that J&G and CIC were hired by Brinkley's previous trial counsel. According to billing records, employees of J&G had two teleconferences, once with Dr. Brams and once with attorneys Cameron and Wingate. Apx. Vol. 4, pgs. 218-19. Respondent contends that the documents could contain information on what Dr. Brams and trial counsel planned for mitigation. A billing statement shows that employees of CIC, at the request of Attorney Wingate, spent over 7 hours on this case. Apx. Vol. 2, pg. 220. Any documents in its possession are allegedly needed to properly defend against Brinkley's claim of ineffective assistance of counsel. Brinkley objects on the sole ground that documents concerning ineffective assistance of counsel at the guilt/innocence phase should not be produced. There is no objection to production of documents concerning ineffective assistance during mitigation. The Court agrees that any information concerning the guilt/innocence phase of the trial is irrelevant to the issue of ineffective assistance of counsel during the mitigation phase, and finds that only those documents related to J&G and CIC from the mitigation phase shall be produced.

### D. Brinkley's Cross Motion for Leave to Conduct Depositions

Brinkley seeks to take the depositions of Dr. Douglas Smith, Dr. Jolie Brams and Dr. Robert Smith. He did not object to discovery regarding Dr. Douglas Smith and Dr. Jolie Brams,

and he now claims that reliance on only their unexplained records will not provide any meaningful information to the Court or the parties in determining the claims raised in Brinkley's Petition or deciding whether to grant an evidentiary hearing. Further, notes and other documents allegedly will need to be explained and placed in context, as will their conclusions regarding Brinkley and what was communicated to his trial counsel. Respondent objects on the ground that the affidavits contain insufficient evidence of ineffective assistance of counsel during mitigation. The Court agrees with Brinkley that the depositions of Dr. Douglas Smith and Dr. Robert Smith could be helpful. Therefore, Brinkley may take the depositions of Dr. Douglas Smith and Dr. Robert Smith.

Respondent objects to the deposition of Dr. Brams. He argues that since Brinkley failed to offer any evidence concerning Dr. Brams during state post-conviction, the restrictions provided in 28 U.S.C. § 2254(e)(2) apply.[1] This argument is without merit because Respondent will obtain Dr. Bram's records. In *Braden v. Bagley,* 2007 WL 1026454 *6 (S.D. Ohio Mar. 30, 2007), the court held that it was premature to address respondent's argument concerning § 2254(e)(2) because, at that point, petitioner had not sought (and might never have sought) to

---

[1] 28 U.S.C. § 2254(e)(2) provides:

2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–

(A) the claim relies on--

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

present new evidence in support of his claims. He had asked only for leave to conduct discovery that could lead to new evidence. Any arguments regarding whether § 2254(e)(2) would preclude petitioner from introducing new evidence in support of his claims were to be addressed later. The court in *Cowans v. Bagley*, 2002 WL 31370475 *4 (S.D. Ohio Sep. 30, 2002), also had to consider whether the restrictions of § 2254(e)(2) applied to determine whether discovery should be allowed in a habeas case. It decided to confine its review of the petitioner's discovery requests to whether the petitioner could satisfy the "good cause" standard set forth in Rule 6. Brinkley has not yet requested an evidentiary hearing. Thus, as did the court in *Cowans*, this Court will use the "good cause" standard provided by Rule 6 and will consider whether or not to allow an evidentiary hearing at a later time, if required to do so.

## II. Motion for Leave to Supplement the Record

Brinkley's counsel were aware of his extensive criminal record and allegedly conducted mitigation in a manner to avoid the possibility of the jury learning this information. Respondent seeks to have the record expanded to include Brinkley's criminal record for the purpose of showing that his counsel were not ineffective during the mitigation phase of the trial.

Rule 7 of the Rules Governing Section 2254 Cases provides:

(a)  In General. If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition. The judge may require that these materials be authenticated.

(b)  Types of Materials. The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record.

(c)  Review by the Opposing Party. The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

Rule 7 allows the record to be expanded to include additional material relevant to the merits of the petition. *Adkins v. Konteh,* 2007 WL 461292, *20 (N.D. Ohio Feb. 7, 2007) (citing *Jamison v. Collins,* 291 F.3d 380, 387 (6th Cir.2002)). Its purpose is to clarify the relevant facts. In *Carter v. Mitchell*, 443 F.3d 517, 532 (6th Cir. 2006), the Sixth Circuit held that counsel's strategic decision to limit testimony about a defendant's criminal history to prevent "opening-the-door" to evidence of his criminal past was sufficient to support the state court's ruling that counsel were not ineffective. Brinkley has not opposed Respondent's Motion to Supplement the record. The Court finds such information to be relevant to the issue of ineffective assistance of counsel concerning mitigation, and grants Respondent's Motion to Supplement the Record with Brinkley's criminal record.

### III. Conclusion

For the reasons set forth above, the Court concludes that Respondent and Brinkley have shown good cause for discovery. Therefore, Respondent's Motion for Discovery (Doc. 83), and Brinkley's Cross Motion for Leave to Conduct Depositions (Doc. 90), are granted as requested. Discovery shall be completed within one hundred twenty (120) days of this Order. In addition, Respondent's Motion for Leave to Supplement the Record is granted (Doc. 86).

IT IS SO ORDERED.

Date:  May 22, 2008  */s/ John R. Adams*
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE