IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GRADY BRINKLEY | ) | CASE NO.  4:06CV0110 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| MARC C. HOUK, WARDEN, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | [Resolving Doc. 107] |

On May 22, 2008, the Court granted Respondent Mark C. Houk's ("Respondent") Motion for Discovery, allowing production of documents from the Ohio Public Defender ("OPD"), a nonparty witness. In accordance with this Order, the Respondent issued a subpoena duces tecum to Timothy Young, the Ohio Public Defender, requesting documents relating to the Petitioner's personal history, mental state and/or mitigation. The subpoena was issued on behalf of the United States District Court for the Northern District of Ohio, and it required the documents be produced in Cleveland, Ohio. The OPD, located in Columbus, Ohio, which is over 100 miles from this District Court, has now filed a Motion to Quash this subpoena. (ECF 107).

The OPD filed its Motion to Quash under Rule 45 of the Federal Rules of Civil Procedure. Rule 45(a)(2) applies to a subpoena for production of documents. It provides as follows:

*Issued from Which Court*. A subpoena must issue as follows:

> . . .
>
> (C)    for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made.

-1-

This rule, by its plain language, requires that a subpoena be issued from the court for the district where the production is to be made. It applies to production of documents not requiring a non-party deposition. *Hay Group, Inc. v. E.B.S. Acquisition Corp.* 360 F.3d 404, 412 (3rd Cir. 2004). "In order to properly command a nonparty to produce documents for inspection and copying, it must appear that the documents subpoenaed are within the control of the nonparty witness."*Highland Tank & Mfg. Co. v. PS Int'l, Inc.*, 227 F.R.D. 374, 379 (W.D. Pa. 2005). Because a court may not compel production of documents over which a non-party witness does not have control, even if that court has personal jurisdiction over the non-party witness, production of documents will be assured if the subpoena requires the production in the district court where the non-party resides or where the headquarters of the witness are located. *Mun. Revenue Servs, Inc. v. Xspand, Inc.*, No. 4:CV-05-1982, 2007 WL 1074140 (M.D. Pa. Apr. 4, 2007) (citing *Ariel v. Jones*, 693 F.2d 1058, 1060 (6th Cir. 1982).

Under Rule 45, a subpoena may be served at any place outside that district but within 100 miles of the place specified for production of documents. Fed. R. Civ. P. 45(b)(2)(B). It is not necessary for an individual required to produce documents to appear in person at the place where production will occur. Fed. R. Civ. P. 45(c)(2)(A).

The Sixth Circuit has not dealt with the question raised by the OPD's motion. The OPD relies in its motion on *Cates v. LTV Aerospace Corp.*, 480 F.2d 620 (5th Cir.1973), wherein the plaintiff sought to conduct a deposition of a non-party witness and to subpoena documents from the organization for which the non-party witness was an employee.  The question with which the court was directly dealing was whether a non-party witness could be compelled to produce documents under the control of the head of an organization in Washington, D.C., a location well outside of the

judicial district in which the plaintiff filed its subpoena, namely Dallas, Texas. *Id.* at 623.  The court held that discovery rules could not be used to require the non-party to produce documents in such a situation. *Id.*

Similarly, the plaintiff in *Ariel* caused a federal district court in Florida to issue a subpoena duces tecum to a non-party witness located in Colorado and having minimal contacts with the district, but having an agent able to accept service of the subpoena within the district. *Ariel*, 693 F.2d at 1059-60.  The court concluded that the subpoena was properly quashed upon motion of the non-party because of the lack of control of the documents within the district and the non-party's minimal contacts with the district in Florida, as well as the plaintiff's ability to obtain the documents by means of subpoena in another district. *Id.* at 1061.

In *Ghandi v. Police Department of City of Detroit*, 74 F.R.D. 115, 121 (E.D. Mich. 1977), cited by the Respondent, the court ruled that the F.B.I., because of the number of personnel in the district, the wide scope of their activities, and the unitary structure of the organization, was properly subject to service of a subpoena for production of documents within its custody and control even though the documents were located outside the district. *Ghandi* also involved the deposition of an F.B.I. employee under Rule 30 of the Federal Rules of Civil Procedure.

In 1991, Rule 45 was amended in order to "facilitate access outside the deposition procedure provided by Rule 30 to documents and other information in the possession of persons who are not parties." Fed. R. Civ. Proc. 45, 1991 Amendment, Purposes of Revision. In *Echostar Commc'ns Corp. v. News Corp. Ltd.,* 180 F.R.D. 391 (D.Colo.,1998), the court held that the court's jurisdiction over the non-parties did not make the court the most appropriate forum for either issuance or enforcement of subpoenas. *Echostar*, 180 F.R.D. at 396 (citing *Ariel,* 693 F.2d at 1060). The issue

was whether the agent for service of process possessed "the degree of control" over the documents that would make it appropriate to enforce a subpoena over a corporation from a court in one state, when the corporation's documents were located in another state. *Id.*

In *Price Waterhouse LLP v. First American Corp.* 182 F.R.D. 56, 63 (S.D.N.Y.,1998), which involved a deposition, the court held that allowing jurisdiction to overcome the 100-mile limitation is inconsistent with the central goal of Rule 45, which is to prevent nonparty witnesses from being subjected to excessive discovery burdens. The Rule establishes a simple mechanism for protecting non-parties from burdensome discovery in an action in which they have little interest: the subpoena must issue from, and the deposition must take place in, the district where the witness is located. *Id.*

The Court recognizes that several of the cases discussed herein could be understood to prohibit a subpoena only when the non-party witness or documents at issue are well outside the jurisdiction in which the subpoena is issued.  It also understands Respondent's reluctance to issue the subpoena in the Southern District of Ohio, which may now have to rule on any objections to the subpoena. However, it also acknowledges the plain language of Rule 45 and its 100-mile rule, and, in an abundance of caution, it GRANTS the OPD's Motion to Quash.  Respondent is ordered to

1. reissue any subpoena to the Public Defender on behalf of the United States District Court for the Southern District of Ohio, not the Northern District of Ohio;
2. subpoena any production of documents to be made by the Public Defender in Columbus, Ohio; and

3. file any subpoena to the Public Defender for production of documents with the Clerk of the United States District Court for the Southern District of Ohio at Columbus and obtain from that Clerk an M number for the subpoena before serving the Public Defender with the subpoena.

The OPD has requested sanctions under Rule 45(c)(1), which states: "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue

burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees–on a party or attorney who fails to comply."  The Court finds that sanctions are inappropriate.  The Sixth Circuit has not yet ruled on this issue. Respondent made a good faith effort to resolve the issue by reissuing the subpoena three times. Further, as discussed above, the Court understands Respondent's reluctance to issue the subpoena in the Southern District of Ohio when the case has been pending before this Court for its duration.[1]

For the reasons discussed above, the OPD's Motion to Quash Subpoena for Production of Documents (ECF 107) is granted. The request for sanctions is denied.

IT IS SO ORDERED**.**

Date: October 8, 2008               s/   John R. Adams
                                    JUDGE JOHN R. ADAMS
                                    UNITED STATES DISTRICT COURT

---

[1] Should the Southern District determine that any disputes that arise are better resolved by this Court, it is authorized to remit such disputes to this Court for resolution.  The Court cites by analogy to similar situations arising in civil cases in which subpoenas were issued in a district outside the district where the underlying action is pending, but disputes arising as a result of the subpoenas were remitted to the district exercising jurisdiction over the underlying action.  *See In re Digital Equip. Corp.*, 949 F.2d 228, 231 n.3 (8th Cir. 1991) (citing Advisory Committee's note to Fed. R. Civ. P. 26(c)); *Petersen v. Douglas County Bank & Trust Co.*, 940 F.2d 1389, 1391 (10th Cir. 1991) (citing Advisory Committee's note to Fed. R. Civ. P. 26(c)).