UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GRADY BRINKLEY, | ) | CASE NO. 4:06cv110 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| MARC C. HOUK, WARDEN, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | [Resolving Docs. 122, 124] |
| | ) | |
| | ) | |

This matter is before the Court upon Petitioner Grady Brinkley's ("Petitioner") Motions to Expand the Record Under Rule 7 of the Rules Governing Section 2254 Cases (ECF 122) and for Evidentiary Hearing Pursuant to Rule 8 of the Rules Governing Section 2254 Cases. (ECF 124). In addition to his briefs in support of his Motions, the Court has considered Respondent Marc C. Houk's ("Respondent") Opposition to Petitioner's Motion to Expand the Record (ECF 127), Petitioner's Reply Brief to Respondent's Opposition to Motion to Expand the Record (ECF 131), Respondent's Memorandum in Opposition to Petitioner's Request for Evidentiary Hearing (ECF 130) and Petitioner's Reply Brief in Support of His Motion for an Evidentiary Hearing. (ECF 133). For the following reasons, Petitioner's Motion to Expand the Record Under Rule 7 of the Rules Governing Section 2254 Cases will be granted. His Motion for Evidentiary Hearing Pursuant to Rule

1

8 of the Rules Governing Section 2254 Cases will be denied without prejudice.

## I. FACTS

On November 6, 1999, Petitioner robbed Rick's City Diner in Toledo, and police pursued and arrested him that same afternoon. Petitioner's girlfriend, Shantae Smith, posted bond for him, and he was released from pretrial confinement. On January 7, 2000, Petitioner killed Smith in her apartment by cutting her throat. Then he stole her ATM card and winter coat and fled to Chicago. On January 13, 2000, the FBI arrested him in Chicago. Thereafter, he was convicted of the aggravated robbery of the City Diner and the aggravated robbery and aggravated murder of Smith and was sentenced to death.

## II. EXPAND THE RECORD

Rule 7 of the Rules Governing Section 2254 Cases provides:

(a) In General. If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition. The judge may require that these materials be authenticated.

(b) Types of Materials. The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record.

(c) Review by the Opposing Party. The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

Rule 7 allows the record to be expanded to include additional material relevant to the merits of the petition. *Adkins v. Konteh,* No. 3:05cv2879, 2007 WL 461292 at *20 (N.D. Ohio Feb. 7, 2007) (citing *Jamison v. Collins*, 291 F.3d 380, 387 (6th Cir.2002)). Its purpose is to clarify the relevant facts. *Vasquez v. Hillery,* 474 U.S. 254, 258 (1986).

In *Holland v. Jackson*, 542 U.S. 649, 653 (2004), the United States Supreme Court held that

the restrictions set forth in 28 U.S.C § 2254(e)(2)[1] "apply *a fortiori* when a prisoner seeks relief based on new evidence *without* an evidentiary hearing." (emphasis in original); *see also Keenan v. Bagley,* No. 1:01cv2139, 2008 WL 4372688 at *2 (N.D. Ohio Sep. 22, 2008); *Stallings v. Bagley*, No. 505 cv 722, 2007 WL 437888 at *2 (N. D. Ohio Feb. 6, 2007); *Phillips v. Bradshaw*, 5:03cv875, 2006 WL 2855077 at *10 (N. D. Ohio Sep. 29, 2006). Since *Holland*, the § 2254(e)(2) standards have been applied to motions to expand the record. *Phillips*, 2006 WL 2855077 at *10, (citing *Cooper-Smith v. Palmateer*, 397 F.3d 1236 (9th Cir. 2005)).

The proposed expansion of the record in this matter concerns the mitigation phase of Petitioner's trial. Petitioner requests that the record be expanded to include: the deposition testimony of Dr. Robert L. Smith, Ph.D., and all exhibits to the deposition; the deposition testimony of Douglas A. Smith, M.D. and Jolie Brams, Ph.D., and all exhibits to these two depositions; the deposition testimony of Petitioner's state court trial Attorneys—Merle R. Dech, Jr., John B. Thebes, and Donald H. Cameron—and all exhibits to these three depositions; the deposition testimony of Petitioner's state appellate attorney—Jeffrey M. Gamso—and all exhibits to the Gamso deposition;

---

[1] 28 U.S.C. § 2254(e)(2) provides:

If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—

(A) the claim relies on—
    (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

and the transcript of the attempted deposition of Samuel L. Miller.

Respondent opposes supplementing the record with the deposition of Dr. Jolie Brams and her consideration of Dr. Mark Amdur's Social Security Disability Report because this additional evidence was never presented to the state courts. Thus, the requirements of § 2254(e)(2) have allegedly not been satisfied. As to the remaining depositions, Respondent argues that the Court should disregard any record or any part of a deposition that mentions Dr. Amdur's report. Further, Respondent argues that the Court should consider supplemental depositions for the sole purpose of determining whether an evidentiary hearing would be appropriate.

In his fourteenth proposition of law on direct appeal, Petitioner brought a claim for ineffective assistance of counsel, arguing that his trial counsel failed to present additional mitigation evidence. *State v. Brinkley*, 105 Ohio St.3d 231, 250 (Ohio 2005). The court held that the claim lacked merit because the record did not disclose that such evidence was available. *Id* at 251. In *Richey v. Bradshaw*, 498 F.3d 344 (6th Cir. 2007), the court held that it could consider evidence not presented to state courts "so long as the supplemental evidence presented by [the petitioner] d[oes] not fundamentally alter the legal claim already considered by the state courts." *Id.* at 352 (alterations in original) (quoting *Vasquez,* 474 U.S. at 257-58). *See Satterlee v. Wolfenbarger*, 453 F.3d 362, 366 n.2 (6th Cir. 2006), *cert. denied*, 549 U.S. 1281 (2007) (presentation of additional facts to the district court does not evade the exhaustion requirement as long as the supplemental evidence does not fundamentally alter the legal claim before the state courts).

In his motion for post-conviction relief filed in the trial court, Petitioner alleged ineffective assistance of counsel in the mitigation stage for failure to use a mitigation specialist, failure to investigate and present sufficient mitigation, failure to prepare witnesses prior to testimony, failure

4

to present expert psychological assistance and failure to present evidence that the death penalty is applied in an arbitrary manner. Appx. Vol. 9, pgs. 68-86. The trial court ruled that the decision of what mitigation evidence to present is a matter of trial strategy. Appx. Vol. 10, pg. 282. However, the Ohio Sixth District Court of Appeals held that, with the exception of the claim for failure to investigate mitigation evidence, all other claims were barred by *res judicata*.[2] Appx. Vol. 11, pg. 419. The fact that the failure to investigate mitigation evidence claim was preserved for federal habeas review, and that failure to present additional mitigating evidence was raised on direct appeal, allows the Court to consider Petitioner's claim for ineffective assistance of counsel in the mitigation phase of the trial. The additional evidence would not alter the claim already considered by the state court. The Court finds that Petitioner has developed the factual basis for his ineffective assistance of counsel claim, and has therefore satisfied the requirements of 28 U.S.C. § 2254(e)(2), thereby allowing the record to be expanded as requested.

### III. EVIDENTIARY HEARING

In his Petition for relief under 28 U.S.C. § 2254 ("Petition"), Petitioner seeks an evidentiary hearing on the following issues: ineffective assistance of trial counsel during the mitigation phase of the case (Petition, Eleventh Ground for Relief); ineffective assistance of appellate counsel (Petition, Twelfth Ground for Relief); ineffective assistance of trial and/or appellate counsel with respect to any allegedly defaulted claims (Petition, Tenth and Twelfth Grounds for Relief); and claims concerning the testimony of Samuel Miller (Petition, Nineteenth Ground for Relief). Review of Petitioner's brief in support of his Motion for Evidentiary Hearing shows that he requests a hearing

---

[2] The Court will determine whether these issues are procedurally defaulted in its opinion on the merits.

on his ineffective assistance of appellate counsel claim primarily to address procedural default of other claims.

A court has the discretion to determine whether a habeas petitioner is entitled to an evidentiary hearing. *Brofford v. Marshall,* 751 F.2d 845, 853 (6th Cir. 1985). Where "the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence," an evidentiary hearing is not necessary. *David v. Woods,* No. 2:09cv10320, 2009 WL 377062 at *1 (E.D. Mich. Feb. 11, 2009) (citing *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir.1989); *United States v. Sanders,* 3 F.Supp.2d 554, 560 (M.D. Pa. 1998)).

Petitioner asserted in his Eleventh Ground for Relief that trial counsel were ineffective in the mitigation phase of his trial. The Court finds that the expanded record is sufficient to resolve this ground for relief. If the Court determines, during its review of the merits of Petitioner's claim, that a genuine factual dispute exists which cannot be resolved on the record, including the expanded materials, it may reconsider its decision about whether an evidentiary hearing should be held, and will also consider the issue whether Petitioner has made the threshold showing needed under 28 U.S.C. § 2254(e)(2) to entitle him to a hearing if one appears advisable. *See Braden v. Bagley,* No. 2:04cv842, 2009 WL 922363 at *8 (S.D. Ohio Mar. 31, 2009).

Petitioner has not explained why a hearing is necessary on his Twelfth Claim for relief other than that ineffective assistance of appellate counsel can be cause for procedural default. Most of the underlying claims raised as ineffective assistance of appellate counsel in the Twelfth Ground for Relief will be discussed in other grounds for relief.  If the underlying claims lack merit, so will the ineffective assistance of appellate counsel claims. *Howard v. Bouchard*, 405 F.3d 459, 485 (6th Cir. 2005) (ineffective assistance exists only if there is a reasonable probability that inclusion of the issue

would have changed the result of the appeal) (citing *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001) (appellate counsel cannot be ineffective for a failure to raise an issue that lacks merit)). If, after review of those claims as well as those not resolved in other grounds for relief, the Court finds it is necessary to consider additional facts concerning ineffective assistance of appellate counsel, an evidentiary hearing will be held on those issues.

Ineffectiveness of appellate counsel can be used to show sufficient cause and prejudice for failure to raise an ineffective-assistance-of-counsel claim. *Howard*, 405 F.3d at 485. But a procedurally defaulted ineffective assistance of counsel claim can excuse the procedural default of another habeas claim only if the habeas petitioner can show "cause and prejudice" with respect to the ineffective assistance claim itself. *Coleman v. Mitchell,* 268 F.3d 417, 432 (6th Cir. 2001)(citing *Edwards* v. Carpenter, 529 U.S. 446 (2000)). However, Petitioner has not informed the Court as to what testimony would be presented in support of this issue at an evidentiary hearing. Therefore, the Court is not persuaded that an evidentiary hearing will be needed to address the procedural default question. *Smith v. Smith*, No. 02cv72296, 2003 WL 173937 at *2 (E.D. Mich. Jan. 15, 2003).

Petitioner asserts that he is entitled to an evidentiary hearing on his Nineteenth Ground for Relief, which is his claim concerning the testimony of Samuel Miller. He contends that his rights to due process and a fair trial were violated because his conviction and death sentence were obtained as a result of the State's presentation of the false testimony of Samuel Miller. Miller testified at Petitioner's trial that, while he and Petitioner were in jail, Petitioner told him that he was going to kill Smith. This testimony helped the State to argue that one of Petitioner's motives for killing Smith was that she had started seeing someone else while he was in jail for the City Diner robbery. Tr. Vol. 13 at 1728-30. During the post-conviction relief investigation, Miller allegedly told an investigator

7

that he never heard Petitioner say anything about wanting to kill Smith. He contended that he was pressured by another inmate, Jones, to testify as he did because Petitioner had robbed Jones's girlfriend. Petitioner asserts that Miller informed the prosecutors that his earlier statements were not true and he did not want to testify at Petitioner's trial. However, Miller was allegedly pressured into testifying by the State's representatives, who threatened to hinder Miller's future efforts to be released on parole if he refused to testify. According to Petitioner, it was actually Jones who heard Petitioner say he was going to kill Smith. Miller was allegedly called to testify instead of Jones because the State was not willing to offer Jones an acceptable deal.

Petitioner obtained discovery on this claim. Miller was deposed but refused to testify. He stated, "I don't have nothing to talk to you about . . . I don't want to answer your questions, sir. Have a good day." Miller Tr. Exp. R., Vol IV. Tab F at 3. If brought to an evidentiary hearing, there is no indication that he would be willing to testify. Miller's attorney submitted an affidavit during post-conviction proceedings wherein he stated that he was present during all of Miller's meetings with the prosecutor. According to this attorney, "Miller never changed his story or recanted about what happened during the time he was confined with [Petitioner] in the Lucas County Jail. He never told the prosecutors that [Petitioner] did not tell him that he was going to kill Shantae Smith. Furthermore, the prosecutors never threatened to hurt Samuel L. Miller with the Parole Board." Apx. Vol. 10, pgs. 85-86. Thus, the Court is not persuaded that there is a dispute about the truthfulness of Miller's trial testimony.

At this point, the Court finds that the record in this case is sufficient to resolve Petitioner's claims. The Petition and Petitioner's Traverse are extensive and contain lengthy and detailed facts, analysis and legal support. Furthermore, the Court is granting Petitioner's Motion to Expand the

Record as to the Eleventh Ground for Relief which will aid the Court's review in lieu of an evidentiary hearing. Upon review of the merits, the Court may determine that a genuine factual dispute exists that cannot be resolved on the record before the Court or through further expansion of the record. In that event, the Court may reconsider its decision regarding an evidentiary hearing, and may revisit the issue of whether Petitioner has made the threshold showing needed to entitle him to a hearing. *Braden*, 2009 WL 922363 at *8. No additional motions need to be filed regarding this issue. The motion is denied without prejudice.

## IV. CONCLUSION

For the reasons set forth herein, Petitioner's Motion to Expand the Record is granted. His Motion for Evidentiary Hearing is denied without prejudice.

IT IS SO ORDERED.

DATED: December 28, 2009     */s/ John R. Adams*_____
                                                   Judge John R. Adams
                                                   UNITED STATES DISTRICT COURT